ANNA COURTNEY, ADMINISTRATRIX, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted July 7, 1921—Decided December 22, 1921.

Decedent and a friend were struck by a car which they expected to board, while crossing a street at the intersection of another street. It appeared from the testimony that there was a white pole at the corner, indicating that cars stopped to take on and discharge passengers. It also appeared from the testimony of decedent's friend that the car had been observed by them when it was a block away, and that they had then started to cross the street to board it, but had made no further observation and did not again observe the car until they were struck. *Held*, that it was the duty of the motorman to have his car under control upon

approaching the intersection of the streets under the circumstances; and *held, further,* that the question of the negligence of the motorman and the contributory negligence of decedent under the circumstances were properly jury questions.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Lefferts S. Hoffman* and *George H. Blake.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The judgment brought up by the appeal in this case was rendered in an action brought under the Death act to recover the pecuniary loss sustained by the widow and next of kin of James Courtney, deceased, whose death resulted from a collision with a trolley car of the defendant company. The single ground upon which a reversal is sought is that the trial court refused a motion to direct a verdict for the defendant at the close of the case.

It appears from the state of the case sent up with the appeal that the motion to direct a verdict was based upon two grounds—*first,* that the evidence failed to disclose any negligence, on the part of the motorman operating the car, which was the producing cause of the accident, and *second,* that it conclusively appeared as a matter of law that the decedent's own negligence contributed to the injury which resulted in his death.

The circumstances disclosed by the evidence are as follows: Decedent, with a friend, one Crowley, had attended a wake in the lower part of Jersey City. They remained at the house where the wake was being held until about midnight, and then left to return home. They walked along Wilkinson avenue to the corner of Ocean avenue in order to take a trolley

car which ran through the latter avenue to their respective homes. The nearer side of Ocean avenue as they approached it was the west side. The defendant company had established a double-track system therein, and the car which the decedent and his friend desired to take ran over the tracks next to the easterly side of the street. To take this car it was necessary, therefore, for them to cross over both tracks. They stood at the curb on the west side for some minutes, and then observed the car which they desired to take approaching from the south and about a block away. Within a second after observing it (and they both saw it at the same time) they stepped down off the curb and started to cross the street toward a white pole erected upon the opposite corner, and which was visible from where they stood, and which apparently was a stoppage point for the trolley car, their purpose being to pass over the tracks before the car reached them, and, so, be in a position to board it. Crowley, who was a witness in the case, testified that, so far as he was concerned, he made no further observation between the time when he first saw the car and when he and his companion were struck by it, and it may be assumed that decedent also failed to make any further observation, although the testimony is silent upon that point. Both of them, however, expected the car to stop at the intersection of these streets. The evidence also showed that the motorman rang no gong as he approached the intersection of these two streets.

The questions presented for solution on this state of facts are—first, whether it can be said as a matter of law that the motorman was free from negligence producing the accident, and second, whether contributory negligence on the part of the decedent conclusively appears.

So far as the failure of the motorman to ring his gong is concerned, it cannot be said that this was an act of negligence which had anything to do with causing the accident. The sole purpose of ringing the gong is to give notice of the approach of the car, and both the decedent and his companion had knowledge of that fact as fully as if the gong had been rung and they had heard it. But it cannot be said as a matter

of law that in the operation of this car the motorman was free from negligence. He was approaching the intersecting point of two streets, and it was his duty to use care to have his car under such control as not to endanger the lives or persons of people crossing the street at this point. And this was particularly so where the presence of the white pole was apparently a notice to the public that this intersecting point was a place where the car stopped to take on and let off passengers. It was also his duty as he approached this intersection to keep a lookout for the purpose of observing whether people on foot were crossing the street, and, so, avoid (as far as reasonable care on his part would do so) putting them in jeopardy while exercising their lawful right of travel. Certainly, it cannot be said, in view of the occurrence of the accident under the conditions recited, that the determination of the question of the motorman's care or lack of care in the operation of the car was one which the court should settle as a matter of law, rather than the jury as a matter of fact. The refusal to direct a verdict upon the first ground, therefore, was proper.

Taking up the consideration of the second ground upon which the motion was rested: It seems to us that the question of decedent's contributory negligence was also one for the jury. In considering that question the facts proved, and the legitimate inferences to be drawn from them, must be taken in the light most favorable to the plaintiff. When the decedent observed the approach of the car it is a fair inference that he assumed that it would slow down as it approached the corner of these two streets and stop at that point to take on or let off passengers. It may properly be inferred that he assumed that the passage of himself and his friend across the street would be observed by the motorman, and that the latter would use the appliances of the car to keep it under reasonable control, and to check or stop it, if need be, in order to avoid running them down. *Vrooman* v. *North Jersey Street Railway Co.*, 70 *N. J. L.* 818; *Bauer* v. *North Jersey Street Railway Co.*, 74 *Id.* 624. The question whether, with these inferences in his favor, he exercised reasonable

care for his safety—that is, whether he acted as reasonably prudent men would have acted under like circumstances— was, as we think, one for the jury and not for the court, under the decisions of the Court of Errors and Appeals in *Bauer* v. *North Jersey Street Railway Co., supra,* and *Glasco* v. *Jersey City, &c., Street Railway Co.,* 81 *N. J. L.* 469.

The judgment under review will be affirmed.